UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 05-168 |
| TYRONE MACKEY | SECTION "B"(3) |

### ORDER AND REASONS

Considering defendant Tyrone Mackey's Moton for Compassionate Release (Rec. Doc. 520) and government's response (Rec. Doc. 527),

**IT IS ORDERED** that the motion (Rec. Doc. 520) is **DENIED**.

A motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) may be granted only if filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ." 18 U.S.C. § 3582(c)(1)(A). If the defendant can show that he exhausted all administrative remedies, the court may reduce the defendant's term of imprisonment upon a finding that "(i) extraordinary and compelling reasons warrant such a reduction" and "(ii). . .such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Where the defendant seeks compassionate release on the basis of his underlying medical conditions, "extraordinary and compelling" reasons exist when the defendant, who does not pose a

1

danger to the community, is suffering from a terminal illness[1], a serious physical or medical condition, serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of age that substantially diminishes the defendant's ability to provide self-care. *United States v. Henderson*, No. 11-271, 2020 WL 2850150, at *2 (E.D.la. June 2, 2020)(Milazzo, J.)(citing U.S.S.G. 1B1.13).

In *United States v. Thompson*, the Fifth Circuit affirmed the district court's denial of compassionate release for a 43-year old inmate with hypertension, high cholesterol, and who suffered a stroke ten years ago. 984 F.3d 431, 434 (5th Cir. 2021). Noting that "nearly half" of Americans also have hypertension, the court determined that the defendant's conditions were not so "extraordinary" because they were commonplace and could be managed effectively by medication. *Id.; see United States v. Helmstetter*, No. 92-469, 2021 WL 310355, at *6 (E.D.La. Jan. 29, 2021)(Africk, J.)(holding that defendant's non-terminal hypertension was neither extraordinary nor compelling).

According to officials at Oakdale FCI1, defendant filed a request for compassionate release on or about April 4, 2020 and subsequently filed the instant motion on May 22, 2020. Rec. Doc. 527 at 2. Like the *Thompson* defendant, Mackey states that he was

---

[1] The Sentencing Commission included the following examples of a "terminal illness": metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia. *See* U.S.S.G. 1B1.13.

diagnosed with hypertension and pre-diabetes but did not provide any supporting medical documentation. Rec. Doc. 520 at 3. Although we do not dispute that individuals with hypertension face a higher risk of contracting COVID-19, defendant's motion fails to detail the nature of his condition and whether he faces a "significantly higher risk" than the rest of the general inmate population. *See Thompson*, 984 F.3d at 434.

Moreover, courts have consistently held that "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence." *Henderson*, 2020 WL 2850150, at *3; *see U.S. v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Although defendant exhausted his administrative remedies, he nevertheless failed to establish eligibility for a sentence reduction. Defendant's motion does not so much as even suggest that his hypertension and pre-diabetes is serious, much less that it is terminal or renders him incapable of self-care. Defendant's general fear of contracting COVID-19 is likewise unavailing.

New Orleans, Louisiana this 23rd day of March, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE